## NORTON *versus* WEBB.

A mortgagee of land, even before a breach of the condition, has the right of possession.

Of this right, however, he may divest himself by contract.

Such a contract, inasmuch as it operates upon an interest in real estate, must be evidenced by writing.

It need not be stated in any prescribed form of words.

It may be deduced from language used in the condition of the mortgage; as, for instance, that the mortgager should maintain the mortgagee at a house upon the land.

If, by such condition, the mortgagee have the right of electing to be maintained on the land, *parol* evidence is receiveable from the mortgager, to show that such an election has been made.

ON REPORT from *Nisi Prius*, RICE, J. presiding.

ENTRY.

The demandant conveyed a farm, lot No. 45, to the tenant, who at the same time re-conveyed it in mortgage. The condition of the mortgage was, " that if the said Webb, his heirs, executors or administrators, shall support me and Betsey Norton, my wife, in our house on said farm, if we choose, by furnishing us with food and clothing, medicine and medical aid, in sufficient quantity and quality, according to our circumstances, and as our necessities may require, and that, during our natural life, both in sickness and health, as we may need for our comfort, also provide and constantly keep for our use and benefit a good and gentle horse and convenient carriage, or otherwise provide them whenever we, or either of us, as the case may be, shall wish to ride, either in visiting or for recreation, then this deed shall be void."

At the trial, the tenant, under appropriate pleadings, offered to prove that, when the deeds were executed, he was in possession of the demanded premises, and had remained in possession of the same to the present time, and that the demandant was living with him in the house, upon the premises, with his wife, and so continued to live for two years thereafter, and there received their support, and that, while so living with the tenant, the demandant often stated that it was the intention of the parties that the tenant was to have possession of

Norton *v.* Webb.

the premises, and that the demandant was to live with him there. The tenant also offered to prove *that the demandant chose to receive his support upon the premises and to live in said house.* The tenant also offered to prove that he had not broken, but had kept and performed the conditions of the mortgage. The evidence, thus offered, was excluded by the Judge.

It was then agreed that, if the excluded evidence was admissible, a new trial is to be granted.

*Vose,* for the demandant.

The legal title and seizin of mortgaged land are in the mortgagee, together with the right of possession. 2 Comyn's Dig. 78, tit. mortgage; R. S. c. 125, § 2; R. S. c. 136, § 1, 4 & 5.

Of the right of possession, the mortgagee may divest himself by contract. But such contract can be evidenced only in writing, because it affects the interest in real estate. *Blaney v. Bearce,* 9 Greenl. 137, and cases there cited; *Colman v. Packard,* 16 Mass. 39. In this case, no contract of that kind is proved, nor can it be deduced from the language used in the condition of the mortgage. The tenant establishes no right to the possession by any contract, and the right is therefore with the mortgagee.

*Morrell,* for the tenant.

The mortgage relied upon by the demandant, contains stipulations tantamount to an agreement for possession by mortgager before breach of conditions.

It is not necessary there should be in the mortgage an express stipulation for possession by mortgager, it is sufficient if it appears from the terms of the mortgage *by implication,* that such must have been the understanding of the parties. *Flagg v. Flagg,* 11 Pick. 477; *Hartshorn v. Hubbard,* 2 N. H. 453; *Hobart v. Sanborn,* 13 N. H. 226; *Lamb v. Foss,* 8 Shepl. 240; *Dearborn v. Dearborn,* 9 N. H. 117 and 201; 5 Greenl. 89; 10 N. H. 83; 2 Greenl. Cruise, 102 and note.

From the terms of the condition, by necessary implication, the mortgager was to have possession.

The condition provides for the *maintenance* of the demandant's wife, in the largest sense ; as their "necessities require."

The "support" was to be rendered, on the premises, in "our house."

To render "support," in this manner, necessarily entitles the mortgager to the possession. The condition could not otherwise be performed. How could the mortgager render the support, at that house, unless he had the possession?

By the condition, a *personal* trust is confided to, and a *personal* obligation is imposed upon, the mortgager, which he cannot delegate. 9 N. H. 201. This necessarily implies possession by him.

The tenant is to be regarded as mortgager in possession, *having performed his conditions* and cannot be entered upon or dispossessed.

The two deeds are in law one instrument, and amount to a conveyance upon conditions subsequent.

SHEPLEY, C. J. — By the provisions of statute c. *125, § 2,* a mortgagee may recover possession, before any breach of the condition, "when there is no agreement to the contrary." Such an agreement, affecting the title to real estate, must be made in writing. It may be so made without the use of any particular form of words ; and it may be inferred from the language used in a written contract between the parties, which cannot be executed, according to its terms, without a construction permitting the mortgager to remain in possession.

By the condition of the mortgage, the mortgager was to support the mortgagee and his wife "in our house on said lot No. 45, if we choose." By this he would not be authorized to retain possession without proof of such a choice.

If they had elected to have their support furnished in the house on that lot, the mortgager could not perform without being entitled to possession of it ; and the intention of the parties and their agreement, contained in the condition of the mortgage, would in such case, authorize the mortgager to retain possession, until a breach had been committed.

There is no provision, that such election should be made known in writing. If clearly established by parol proof, that would be sufficient until revoked.

The report states that, among other matters, the tenant offered to prove, "that the demandant chose to receive his support on said premises and to live in said house, But the presiding Judge rejected the evidence." If this testimony had been received, it might have proved such an election as would have required the tenant to retain possession to be enabled to perform the condition. So much of the testimony offered and excluded should therefore have been received; not to vary the terms of the written contract, but to prove, that one party to it had, according to its terms, made an election respecting the manner of its performance. *New trial granted.*

WELLS, HOWARD and HATHAWAY, J. J., concurred.