[No. 1212.   Decided May 28, 1894.]

E. J. WINTER et al., Respondents, v. JOHN A. SHOUDY, Appellant.

NEW TRIAL — REMISSION OF EXCESSIVE VERDICT — DISCRETION OF COURT.

The overruling of a motion for a new trial on condition that the plaintiff will remit that portion of the verdict which is in excess of the amount for which judgment was prayed in the complaint, is a matter within the discretion of the trial court.

Appeal from Superior Court, Kittitas County.

Pruyn & Ready, for appellant.

Ralph Kauffman, for respondents.

The opinion of the court was delivered by

SCOTT, J.—The respondents brought suit against appellant on his guaranty of payment of the amount called for by a written contract, and prayed for judgment for

$250 and interest thereon from the filing of the complaint, and interest on $570 from January 8, 1891. The jury returned a verdict in favor of the respondents for $564. Appellant filed a motion for a new trial on the ground that there was error in the assessment of the amount of the recovery. The court held that the motion should be granted unless the respondents would remit the sum of $200 from said verdict, the same being in excess of the amount for which judgment was prayed in the complaint. The respondents remitted said sum, whereupon the court denied the motion.

Appellant contends that he was entitled to a new trial under subdivision 6, § 400 of the Code of Procedure, that the court had no authority to make the order in question, and had no discretion in the premises. He further contends that the court should have granted a new trial in any event, because the returning of a verdict so largely in excess of the amount for which judgment was prayed was such an evidence of carelessness or prejudice upon the part of the jury that their verdict should not be allowed to stand for anything.

The granting of new trials is largely a discretionary matter with the trial court. There was no question over the amount which the respondents were entitled to recover, if they were entitled to recover at all, and the action on the part of the court in permitting them to remit the excess is well sustained by authority. *Arkansas Cattle Co. v. Mann*, 130 U. S. 69 (9 Sup. Ct. 458), and cases cited. It does not appear that the court abused its discretion in the premises in determining that the course adopted was consistent with the substantial rights of appellant.

Affirmed.

DUNBAR, C. J., and ANDERS, STILES and HOYT, JJ., concur.