[No. 5469.    Decided March 1, 1905.]

## D. P. WAIT, *Appellant*, v. ROBERTSON MORTGAGE COMPANY *et al., Respondents.*[1]

NEW TRIAL—DISCRETION—REVIEW ON APPEAL.  Upon granting a new trial solely on the ground that the verdict was excessive, the trial court must exercise its discretion, and the only question on appeal is whether the discretion has been abused.

SAME—MALICIOUS PROSECUTION—INQUISITION OF LUNACY—EXCESSIVE DAMAGES.  In an action for prosecuting a malicious inquisition of lunacy, wherein the plaintiff was arrested and confined until the following day, and in which the testimony disclosed no injury to plaintiff's person or health, it is not an abuse of discretion to grant a new trial on the ground that a verdict for $1,916 was excessive.

EXCESSIVE DAMAGES—REMISSION OF EXCESS OR NEW TRIAL ABSOLUTELY—APPEALABLE ORDER.  In an action to recover unliquidated damages for a malicious prosecution, in which the jury return an excessive verdict, the question whether the excess shall be remitted or a new trial granted absolutely, is addressed solely to the discretion of the trial judge, and no appeal lies from the exercise thereof.

Appeal from an order of the superior court for King county, Morris, J., entered July 8, 1904, setting aside a verdict as excessive and granting a new trial.  Affirmed.

*L. T. Turner,* for appellant, to the point that the verdict was not excessive, cited:  *Jones v. Jenkins,* 3 Wash. 17, 27 Pac. 1022; *Ross & Co. v. Innis,* 35 Ill. 487, 85 Am. Dec. 373; *Clarke v. American Dock etc. Co.,* 35 Fed. 478; *Gulf etc. R. Co. v. James,* 73 Tex. 12, 10 S. W. 744, 15 Am. St. 743.

*Peters & Powell,* for respondents.

RUDKIN, J.—The complaint in this action alleges that the defendants, without any probable cause therefor,

1Reported in 79 Pac. 926.

wrongfully and maliciously caused a charge of insanity to be preferred against the plaintiff, upon which the plaintiff was arrested, examined, and discharged. The trial resulted in a verdict in favor of the plaintiff in the sum of $1,916. The court in which the verdict was returned granted a new trial, upon the sole ground that the verdict was excessive. From the order granting a new trial, this appeal is taken.

The appellant contends that the sufficiency of the evidence to sustain the verdict of the jury is the only question before this court. On the other hand, the respondents contend that an abuse of discretion in granting the new trial is the only question before us. Manifestly the theory of the respondents is the correct one, as such questions are always addressed to the sound discretion of the trial court, and an appellate court will only interfere with the exercise of that discretion where an abuse is shown. *Hughes v. Dexter Horton & Co*, 26 Wash. 110, 66 Pac. 109. In *McLimans v. Lancaster*, 57 Wis. 297, 15 N. W. 194, the supreme court of Wisconsin says:

"The judge before whom the cause was tried heard the testimony, observed the appearance and bearing of the witnesses and their manner of testifying, and was much better qualified to pass upon the credibility and weight of their testimony than this court can be. There are many comparatively trifling appearances and incidents, lights and shadows, which are not preserved in the record, which may well have affected the mind of the judge as well as the jury in forming opinions of the weight of the evidence, the character and credibility of the witnesses, and of the very right and justice of the case. These considerations cannot be ignored in determining whether the judge exercised a reasonable discretion or abused his discretion in granting or refusing a motion for a new trial."

Inasmuch as the case must be re-tried in the court below, any comment on the facts, except so far as they are

undisputed, would be improper. It appears that the charge of insanity was preferred against the appellant on the 11th day of May, 1903. The appellant was arrested on that day, and confined in the hospital ward of the county jail until the following day, when he was examined and discharged. The testimony disclosed no injury to the person of the appellant, no injury to his health, and no injury to his property or business. In other words, the only resultant injury was such as would reasonably and necessarily follow from such a charge, and from the ensuing arrest and examination. The damages in such cases cannot be measured by any fixed rules. Damages resulting from mental suffering, injured feelings, wounded pride, and the like, are so intangible in·their nature, so incapable of accurate estimate, and so dependent upon the surrounding circumstances, that this court˚would be reluctant to interfere with the exercise of the discretion vested in the trial court, unless a clear abuse were shown. The reasons for this rule apply with special force in this case. The court below saw the plaintiff, heard him testify, observed his demeanor, knew his temperament and disposition, and, in the very nature of things, had opportunities of which this court is wholly deprived to judge of the merits of his cause and the extent of the damages suffered by the wrongs complained of.

The appellant further contends that the court below, instead of granting a new trial, should have required the appellant to remit a part of the verdict, if deemed excessive. Where the amount of the excess in a verdict can be ascertained with certainty from an inspection of the record, this is perhaps true. But in actions like this, to recover unliquidated damages, the question whether a new trial shall be granted absolutely, or whether the prevailing party shall be required to remit a part of an excessive ver-

dict, is addressed solely to the discretion of the trial judge, and, from the exercise of that discretion in granting a new trial absolutely, no appeal lies to this court.

There is no error in the record, and the order granting a new trial is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.