[No. 6603. Decided April 10, 1907.]

FRANCIS H. COOK *et al., Respondents,* v. H. D. SKINNER, *Appellant.*[1]

APPEAL—REVIEW—SCOPE. Questions going to the merits of the case cannot be considered on appeal from an order granting a new trial.

SAME—DISCRETION—NEW TRIAL. An order granting a new trial on the ground of newly discovered evidence will not be disturbed on appeal except for abuse of discretion.

Appeal from an order of the superior court for Spokane county, Poindexter, J., entered September 1, 1906, granting a new trial, after a trial on the merits and the verdict of a jury rendered in favor of the defendant, in an action for fraud. Affirmed.

*A. E. Barnes* and *George A. Latimer,* for appellant.

*Belt & Powell,* for respondents.

[1]Reported in 89 Pac. 553.

MOUNT, J.—This appeal is taken from an order granting a new trial upon the motion of the plaintiffs. Defendant appeals.

The action was brought to recover from the defendant a certain tract of land in Spokane county, upon the alleged ground that the defendant acquired the land from plaintiffs by fraud. Issues were joined and a trial was had before the court and a jury. A verdict was returned in favor of the defendant. Thereupon the plaintiffs filed a motion for new trial, upon the following grounds: "(1) Irregularity in the proceeding to the court and jury, by which plaintiffs were prevented from having a fair trial; (2) misconduct of the prevailing party and jury; (3) accident and surprise which ordinary prudence could not have guarded against; (4) newly discovered evidence material to the party making the application, which could not by reasonable diligence have been discovered and produced at the trial; (5) insufficiency of the evidence to justify the verdict, and that it is against law; (6) error in law occurring at the trial and excepted to at the time by the party making the application, to wit the plaintiff." The motion was supported by affidavits, and at the hearing upon the motion, the court granted a new trial by a general order without specifying any reason therefor.

The appellant in his brief presents several questions which go to the merits of the case. For example, he contends that the complaint is insufficient, and that the court should have entered a judgment in favor of appellant upon the evidence. These questions are not properly before us now, because no final judgment has yet been rendered in the cause. Such questions will be considered only upon final judgment. The order granting the new trial is interlocutory, but is made appealable by statute. Upon an appeal from such an order, it is proper to consider only the question whether the court erred in making that particular order. *Latimer v. Black*, 24 Wash. 231, 64 Pac. 176. The order granting a new trial was a general order. It may have been based upon any one

of the grounds stated in the motion. We think there was sufficient in the showing of newly discovered evidence to justify the order. There was certainly much conflict in the evidence, and the court may have granted the motion upon this ground alone, in his discretion. We will not review such discretion except for abuse, and abuse does not affirmatively appear in this case. The rule in this class of cases is stated, and the authorities cited, in *Colvin v. Northern Pac. R. Co.*, 42 Wash. 5, 84 Pac. 616.

For the reasons there stated, the order is affirmed.

HADLEY, C. J., DUNBAR, ROOT, CROW, and FULLERTON, JJ., concur.