[No. 6826.   Decided November 6, 1907.]

## LAWRENCE V. JORDAN, *a Minor, by His Guardian etc.* *Respondent,* v. SEATTLE RENTON & SOUTHERN RAILWAY COMPANY, *Appellant.*[1]

CARRIERS—INJURIES TO PASSENGERS—DEGREE OF CARE—INSTRUCTIONS. It is proper to instruct that a street railway company, operating by electricity in the carriage of passengers, must use "the highest degree of care, skill, and diligence practicable, consistent with the operation" and it is liable for "the slightest negligence in said operation," as the latter is but a corollary of the former.

SAME—PLEADING—PRESUMPTIONS. Where a complaint alleges negligence in general terms in the operation of street cars, which collided, without specifying any particular act, the presumption of negligence arises from the fact of the collision, and is not waived by the general form of the allegation.

DAMAGES—PERSONAL INJURIES—EXCESSIVENESS. A verdict for $500 cannot be said to be influenced by passion or prejudice, where a passenger in a street car collision was knocked down and rendered unconscious, received a cut in the hand, sprained wrist, and bruised leg and knee, and was confined to his home for some considerable time.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 2, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in a street car collision. Affirmed.

*Sachs & Hale,* for appellant.

*Jackson Silbaugh,* for respondent.

[1] Reported in 92 Pac. 284.

RUDKIN, J.—The defendant company owns ·and operates a line of electric railway between the city of Seattle and the town of Renton. On the 13th day of August, 1906, the plaintiff became a passenger on one of the defendant's cars, and while such passenger was injured in a collision between the car upon which he was a passenger and a "line car," operated by the defendant company and running in the opposite direction over the same track. This action was brought to recover damages for the injury so received, and from a judgment in the sum of $500 in favor of the plaintiff, the defendant has appealed.

The first two errors assigned relate to the giving and refusing of instructions defining the degree of care which the law imposes on common carriers of passengers, and will be considered together. The instruction refused was as follows:

"With respect to the degree of care owed by the defendant to its passengers, you are instructed that the duty enjoined by the law upon the defendant's conductors and motormen does not require the exercise of the highest degree of care possible to avoid an accident, but only the highest degree of care reasonably practicable under the circumstances and conditions existing at the time and place in question. By the term 'highest degree of care,' used in these instructions, is meant that degree of care which would be exercised under like circumstances by careful, prudent and experienced conductors and motormen generally."

And the following was the instruction given:

"The jury are instructed that the defendant, at the time of the alleged accident, was the owner of and was operating an electric railway for the purpose of transporting passengers for hire, and was bound to exercise the highest degree of care, skill and diligence practicable consistent with the operation of said electric railway, and the cars used in the operation thereof, and taking into consideration the circumstances and conditions existing at the time and place in question, in order to prevent and avoid injury to the plaintiff, if you find plaintiff was a passenger on the car of said company, as alleged in his amended complaint, and the defendant is

liable for the slightest negligence in said operation; and I further instruct you that the negligence of the agents, servants and employes in charge of the operation of the cars on the electric road of defendant, is, in law, the negligence of the defendant, for which the defendant would be, and is, liable."

The instruction requested by the appellant and refused by the court is in substance the instruction approved by this court in *Foster v. Seattle Electric Co.*, 35 Wash. 177, 76 Pac. 995, and embodies a correct statement of the law. But the instruction given by the court is in our opinion equally free from objection. The statement that the appellant "was bound to exercise the highest degree of care, skill and diligence practicable, consistent with the operation of said electric railway and the cars used in the operation thereof," is certainly free from error, and the further statement that the appellant "is liable for the slightest negligence in said operation," is but a corollary of the rule already announced, or at least was evidently so intended by the court.

"The definitions and explanations given by the various courts, and sometimes by the same court, of the degree of care to be required of carriers, are many and perplexing—in some cases irreconcilable. Reduced to the simplest form, the rule may be stated to be that the carrier is bound to exercise the strictest vigilance in receiving a passenger, conveying him to his destination, and setting him down safely, that the means of conveyance employed and the circumstances of the case will permit." 5 Am. & Eng. Ency. Law (2d ed.), p. 558.

In *Baltimore & Ohio R. Co. v. Noell's Adm'r.*, 32 Gratt. 394, the following instruction was approved:

"The law, in tenderness to human life and limbs, holds railroad companies liable for the slightest negligence, and compels them to repel by satisfactory proofs every inputation of such negligence. When carriers undertake to convey passengers by the powerful but dangerous agency of steam, public policy and safety require that they be held to the greatest possible care and diligence. Any negligence or de-

fault in such cases makes such carriers liable in damages under the statute."

In *Philadelphia etc. R. Co. v. Derby*, 14 How. 468, 14 L. Ed. 510, Mr. Justice Grier said:

"When carriers undertake to convey persons by the powerful but dangerous agency of steam, public policy and safety require that they be held to the greatest possible care and diligence. And whether the consideration for such transportation be pecuniary or otherwise, the personal safety of the passengers should not be left to the sport of chance or the negligence of careless agents. Any negligence in such cases may well deserve the epithet of 'gross.'"

We perceive no difference in this regard between the agency of steam and electricity, and the instruction given covered all the substantial features of the instruction refused.

The third error assigned is in the refusal of the court to grant a new trial, under which assignment the following questions are discussed: Insufficiency of the evidence to justify the verdict; that the verdict is against law; error in law occurring at the trial and excepted to at the time, and excessive damages appearing to have been given under the influence of passion and prejudice. The contention that the evidence is insufficient to justify the verdict is based upon the claim that the evidence failed to establish the specific grounds of negligence charged in the complaint. The appellant concedes the general rule of law to be "that ordinarily when a collision occurs between two of the cars of a railway company the happening of such collision raises a presumption of negligence on the part of the railway company, which it is necessary for it to overcome in order to escape liability for injury sustained in such collision;" but counsel contend that where a plaintiff does not rely upon this general presumption but charges specific acts of negligence as a ground for recovery, he cannot recover on grounds not alleged. In support of this contention the case of *Hamilton v. Metropolitan St. R. Co.*, 114 Mo. App. 504, 89 S. W. 893, is cited. That was

an action brought against a street railway company and a steam road to recover damages for injury resulting from a collision between a street car and a freight train. Quoting from the opinion:

"The street railway company is alleged to have 'carelessly and negligently operated and conducted said car across the tracks . . . without then and there having a watch-man, and without keeping a necessary and reasonable look-out, and . . . failing to observe the approach of the freight car, and . . . failed to notify the agents and servants of its co-defendant of its approach,' etc. And the defendant railroad company is alleged, in substance, to have negligently failed in these particulars: To maintain a watch-man, and to warn the street car company of the approach of the freight car; to place a light on the front end of the freight car, or to give warning by flagman or lookout; and that without warning it ran this freight car, in the nighttime, at a rapid rate of speed, across the tracks of the street car company."

Under these pleadings the court held that it was incumbent on the plaintiff to prove some one or more of the specific acts of negligence charged. Without approving or disapproving the rule announced in that case, we deem it sufficient to say that it has no application here. The complaint in this action alleged negligence in general terms. It charged that:

"The defendant, its agents and servants so carelessly and negligently run and operated said car, and so negligently and carelessly run and operated other cars on its railway that when the car on which the plaintiff was a passenger had pro-ceeded to about Second avenue and Washington street in Se-attle, Washington, it was run into and struck by another of the defendant's cars running from the opposite direction on the same track, as the car upon which the plaintiff was a pas-senger; . . . and the said defendant, its agents, ser-vants and employees could by the exercise of proper care in the running of its said cars, have prevented the said collision, and could have prevented the injury heretofore complained of."

It will thus be seen that the complaint alleged negligence in general terms, and did not specify or rely upon any particular act of negligence for a recovery. Under such circumstances, the presumption of negligence from proof of the collision arose, and that presumption was not waived by the form of allegation contained in the complaint.

On the question of damages little need be said. By the collision of the cars the respondent was knocked down and rendered unconscious. He received a slight cut in the hand, a sprained wrist, and a bruised leg and knee, and was confined to his home for a considerable period of time. We are not much impressed with the claim that his spine was affected or his injuries permanent, but considering the physical injuries alone, no court can say that a $500 verdict was influenced by either passion or prejudice. The other grounds of the motion have already been considered, and finding no error in the record the judgment is affirmed.

HADLEY, C. J., FULLERTON, DUNBAR, and CROW, JJ., concur.

MOUNT and ROOT, JJ., took no part.