[No. 7019. Decided January 24, 1908.]

CHARLES J. McOWEN, *Appellant*, v. SEATTLE ELECTRIC COMPANY, *Respondent*.[1]

NEW TRIAL—EXCESSIVE VERDICT—REMISSION. Upon a verdict for $25,544 for damages for personal injuries, it is not error to grant a new trial unless the plaintiff would remit all sums in excess of $6,544, where the verdict was excessive unless a substantial reduction was remitted, regardless of whether $6,544 was too large or too small.

Appeal from a judgment of the superior court for King county, Yakey, J., entered July 23, 1907, granting to defendant a new trial, after a verdict rendered in favor of the plaintiff for $25,544 damages for personal injuries sustained in a street car collision. Affirmed.

[1]Reported in 93 Pac. 518.

*Casey & Casey* (*Graves, Palmer & Murphy*, of counsel), for appellant.

*Hughes, McMicken, Dovell & Ramsey*, for respondent.

PER CURIAM.—This was an action to recover damages for personal injuries resulting from a collision between two street cars operated by the defendant company. The amount of the damage to which the plaintiff was entitled was the only issue in the case. The jury returned a verdict in his favor in the sum of $25,544, but on motion of the defendant the court granted a new trial unless the plaintiff would remit from the verdict all sums in excess of $6,544. The plaintiff refused to remit, and a new trial was ordered. From this order the plaintiff has appealed.

Taking the view of the testimony most favorable to the appellant, both as to the extent of his injuries and as to the impairment of his earning capacity, we are convinced that the verdict of the jury was excessive, and that the court was amply justified in granting a new trial unless a substantial remission from the verdict was made. In view of a retrial of the case, we deem it improper to determine at this time whether the verdict as reduced by the trial court was too large or too small, and refrain from expressing any opinion on that question; but, finding no e ror in the record, the judgment is affirmed.