[No. 7480.   Decided February 1, 1909.]

F. S. THORP *et al.*, *Respondents*, v. SAMUEL V. RAMSEY, *Appellant*.[1]

PLEADING—CERTAINTY—BILL OF PARTICULARS. The denial of a motion to make a complaint more definite and certain is not error when the same result is accomplished by ordering a bill of particulars.

SAME—ATTORNEY AND CLIENT—SERVICES. In an action to recover for services in conducting two suits, the defendant is not entitled to a bill of particulars itemizing the charges for each step taken preparing for trial, but it is sufficient if he is informed that the services were performed in connection with those certain actions.

ATTORNEY AND CLIENT—SERVICES — VALUE — EVIDENCE — COMPETENCY. In an action to recover the reasonable value of services of an attorney in a trial, the files and records in the cause are competent, whether they were sole attorneys in the cause or not.

SAME. In an action by a firm of attorneys to recover for their services, which were intermingled, it is not error to exclude cross-examination of a plaintiff as to the reasonable value of his individual services.

·[1]Reported in 99 Pac. 584.

PARTIES—PARTNERSHIP—ACTIONS—SUIT IN FIRM NAME—ATTOR-
NEY AND CLIENT. Where two persons form a copartnership for the
practice of the law and the firm is entitled to the emoluments of the
firm and each of its members, the firm may maintain an action in
the firm name to recover for services of any member.

ATTORNEY AND CLIENT—RELATION—SUBSTITUTION—INSTRUCTIONS.
A positive instruction that an attorney's employment is personal and
cannot be delegated without the client's consent, and that a client
would not be liable for the services of one member of a firm if
neither that member or the firm were employed by him, is not nul-
lified by a subsequent instruction that the rule forbidding the dele-
gation of authority has no application to the members of a co-
partnership.

APPEAL—REVIEW—VERDICT. The verdict of a jury upon a ques-
tion of attorney's fees will not be disturbed if sustained by com-
petent evidence.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered March 7, 1908, upon the verdict
of a jury rendered in favor of the plaintiffs, in an action on
contract. Affirmed.

*Austin E. Griffiths* (*Paul Shaffrath,* of counsel), for appel-
lant.

*L. H. Wheeler,* for respondents.

RUDKIN, C. J.—This was an action to recover attorney's
fees. The complaint alleged that between the first day of
January, 1906, and the first day of June, 1907, the plain-
tiffs performed services as attorneys for the defendant, at
his special instance and request, in attending to matters in
his behalf in certain litigation in court, and in consulting with
and advising the defendant, and in drawing and engrossing
certain papers and documents, which services were of the rea-
sonable value of $2,000, no part of which had been paid,
except the sum of $50.

To this complaint the defendant appeared and moved the
court: (1) To require the plaintiffs to make their complaint
more definite and certain by stating and setting forth therein,
when, where, how, and by whom the plaintiffs were requested

to perform the alleged services, and to describe the litigation therein mentioned; and (2) for an order requiring the plaintiffs to furnish the defendant with a bill of particulars of their said claim and demand. The motion to make the complaint more definite and certain was denied, but the demand for a bill of particulars was granted. In obedience to this demand or order, the plaintiffs filed a bill of particulars, containing seventy-three separate items of $25 each, one item of $100, and one item of $1,000, for services performed on divers dates between November 8, 1906, and January 28, 1907, in connection with two certain actions entitled Ramsey v. Wilson and Wilson v. Ramsey.

The defendant next moved to make the bill of particulars more definite and certain by stating the names and number of witnesses consulted, what documents and records were examined and by whom, what documents and how many were prepared by the plaintiffs and at whose instance, the number of affidavits prepared and the names of the different affiants, by specifying the dates when and at whose instance the plaintiffs appeared in court, what the alleged services in court consisted of, and to further itemize the charges of $100 and $1,000 for services rendered in court and on the trial of the actions. This motion was denied, and the defendant answered over. The cause was tried before a jury, resulting in a verdict in favor of the plaintiffs for the sum of $1,500; and from the judgment entered pursuant to this verdict, the present appeal is prosecuted.

The first error assigned is in the refusal of the court to require the respondents to make their complaint and bill of particulars more definite and certain. The appellant certainly had no right to insist upon both of these motions. It would be an idle formality to require the respondents to set forth every detail of their cause of action in their complaint, and then supplement the complaint by a bill of particulars. There was no error, therefore, in the denial of the motion to make the complaint more definite and certain. Nor was'

there any error in the denial of the motion directed against
the bill of particulars.  The respondents attempted the im-
possible when they attempted to segregate and itemize their
claim by making a separate charge for each step taken in
the preparation for trial and trial of the actions.  The two
actions referred to in the bill of particulars were, first, an
action by the appellant to. quiet his title to a certain forty-
acre tract of land near the city of Seattle, and second, an
action by the defendant in the last-mentioned action against
the appellant herein to recover possession of the same land
under the forcible entry and detainer statute.  When the
respondents informed the appellant that their cause of action
was for services performed in connection with these two ac-
tions, we think they gave him all the information he was
entitled to under any system of pleading.  *Moore v. Schar-
nikow*, 48 Wash. 564, 94 Pac. 117. .

It is next contended that the court erred in admitting in
evidence the records and files in the two actions referred to.
The files and records in a cause are entirely competent and
proper for the consideration of the court and jury in an;
action to recover the reasonable value of services performed
by an attorney in such cause; and this, whether the attorney
was the sole attorney in the cause or not.  Objection is further
made to the hypothetical questions propounded to the expert
witnesses, but the objection is without merit.

It is next contended that the court erred in sustaining an
objection to a question propounded to the respondent Thorp
making inquiry as to the reasonable value of his personal or
individual services.  The services performed by the two re-
spondents were so intermingled that there was no error in
this ruling.

The court instructed the jury in effect that if two persons
form a copartnership for the practice of the law and the
firm is entitled to the emoluments of the firm and each of its
constituent members, the firm may maintain an action in the
firm name to recover the value of services performed by the

firm or by any of its members. Under such a state of facts, the firm would be the real party in interest, and under our statute might properly maintain the action. It might be the better practice to allege the employment of the member of the firm and the interest of the firm in the emoluments, but no prejudice resulted to the appellant in this case from a failure so to do. There was, therefore, no error in the giving of this instruction, nor in the refusal of the court to give the instruction requested by the appellant setting forth the contrary view. At the request of the appellant the court gave the following instruction:

"The relation of attorney and client is one of a personal nature, and where an attorney is employed in the case the law is that he has no authority, without the consent of his client, to delegate his authority or substitute another attorney in his stead; and in this case I instruct you that if you should find from the evidence in this case that the firm of Thorp & Wheeler was not employed by Ramsey, but that only Thorp was employed by defendant Ramsey, and if you further find that defendant Ramsey had no knowledge that Wheeler was performing or rendering any services for him, then I instruct you that you can allow nothing for any services that may have been performed by Wheeler, if you find any such services were performed by him."

The court afterwards modified this instruction by stating that the rule forbidding the delegation of authority or substitution of attorneys has no application to the members of a copartnership. This modification in no manner changed or nullified the positive instruction that a recovery for services of one member of the firm could not be had where neither the firm nor that member were employed. While the instructions are somewhat involved and conflicting, we cannot say that they were in the least prejudicial to the appellant.

It is lastly contended that the verdict is not sustained by the testimony. Where a question of attorney's fees is submitted to the trial court for decision this court may review its action, but where the question is submitted to a jury their

verdict stands on the same footing as a verdict in any other case and will not be disturbed by this court if sustained by competent testimony. There is such testimony in this record. Other questions are discussed in the brief, but we find them without merit.

Judgment affirmed.

DUNBAR, CROW, MOUNT, and FULLERTON, JJ., concur.

CHADWICK and GOSE, JJ., took no part.