[No. 10470.    Department Two.    December 16, 1912.]

PETER V. CERINI *et al.*, *Appellants*, v. CHICAGO, MILWAUKEE & PUGET SOUND RAILWAY COMPANY, *Respondent*.[1]

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING—SHOWING PERFORMANCE. In an action for damages for breach of a stipulation in a right of way deed to move a barn to a location "to be mutually agreed upon," oral evidence that at the time the deed was made the parties had orally agreed upon the location does not vary the terms of the writing, and it is admissible for the purpose of showing full performance of the agreement; since the writing did not contain the whole agreement of the parties.

Appeal from an order of the superior court for King county, Ronald, J., entered January 6, 1912, granting a new trial after the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Jay C. Allen*, for appellants.

*Geo. W. Korte* and *Chas. S. Gleason*, for respondent.

MORRIS, J.—Respondent purchased a right of way across the lands of appellants. Upon this right of way was a barn which was to be moved by the railway company to another location. The case arises upon this feature of the contract, it being contended by appellants that the contract was broken in this regard. At the trial, certain evidence was offered by respondent upon its theory that the barn had been moved to a location mutually agreed upon by the parties before the deed evidencing the purchase and the contract was signed. This was rejected by the court. The trial resulted in verdict for appellants. Respondent then moved for a new trial, urging, among other things, error of the court in rejecting this evidence, which motion the court granted, and from this order plaintiffs appeal.

The deed recites:

[1]Reported in 128 Pac. 666.

"The foregoing grant is made upon the following express conditions: That the grantee herein named shall move the large stock barn now on said right of way to a suitable point on the premises of said grantors, to be mutually agreed upon by the parties hereto, and in addition to gravel the approaches to all doors of said barn."

Without setting forth the matter in detail, as the same question is presented in various ways, the railway company called its right of way agent and offered to prove by him that he and Mr. Cerini entered into a complete agreement as to the place where the barn was to be moved, at the time when negotiations for the purchase of the right of way were completed, and that thereupon he prepared the deed with the condition as set forth. Objection was made and sustained, upon the theory that the deed contained the contract of the parties; and as it recited that the place was "to be mutually agreed upon," evidence that it had already been mutually agreed upon was inadmissible as varying and contradicting the terms of a written contract; and that it must be assumed that all prior negotiations were merged in the deed.

It must, of course, be admitted that, the execution and acceptance of a deed being the final act of the parties in expressing the terms of their agreement, all prior agreements are, as a rule, merged therein, and the deed must be presumed to express the intention of the parties with reference to its subject-matter. This rule, however, as applied to deeds and other documents is a very flexible one, and there are many instances in which in actions at law parol evidence has been received where the contract which was the basis of the action was a written one. No general rule by which these exceptions can be tested can be formulated, for it may be generally said, as in *Liebke v. Methudy*, 14 Mo. App. 65, "that the courts have endeavored to adapt their rulings either way to the obvious demands of abstract justice in each particular case." A strict enforcement of this rule would prevent evidence of statements and representations used by

one party to induce another to purchase land; yet no one would contend that such evidence was not admissible, and that the law does not hold a party strictly responsible for representations, whether oral or written, which he holds out, and relying upon which another party acts. Nor, again, would it be contended that parol evidence was not admissible to explain how a contract was to be carried out, as held in *Willis v. Fernald*, 33 N. J. L. 207, or that there had been an election as to the manner of performance (*Norton v. Webb*, 35 Me. 218), or that the parties had determined upon a particular method to carry out some provision agreed upon. *Honeycut v. Strother*, 2 Ala. 135.

What was the action, and what was respondent seeking to recover? Damages for breach of the contract to move the barn to a suitable place. The gist of the action is found in the allegation of the complaint:

"That the said defendant has failed and neglected to move said barn to a place mutually agreed upon between these plaintiffs and it, said defendant, and on the contrary said defendant has taken possession of said barn and moved the same to a point which is unsuitable and at a point where said barn cannot be used, and at a point which is not suitable or satisfactory to these plaintiffs, and said moving was done without the consent or knowledge of these plaintiffs."

The moving being admitted, respondent would be deprived of any defense to these allegations, unless it could prove that it did move the barn to a place mutually agreed upon, and that said moving was done with the knowledge and consent of appellants. Neither do we think this evidence in any way contradicts or varies the condition in the deed. That condition was, to move the barn to a suitable place to be mutually agreed upon. How can it be said that the offered evidence, that the parties had agreed upon a suitable place and that the barn was moved to that place, contradicts the written stipulation? Appellants' argument is that the place was "to be mutually agreed upon;" that this language de-

manded an agreement subsequent to the execution of the deed, and that a prior agreement is not one "to be mutually agreed upon." Suppose the offered testimony related to a time subsequent to the execution of the deed. Then evidence would have to be admitted as to the location of the suitable place agreed upon, and thus parol evidence would be admitted, adding to the terms of the deed. This simply shows that, whatever might be the presumption as a matter of fact —and this too is evident from the deed itself—the written contract did not contain the whole agreement of the parties, nor fix the full measure of respondent's undertaking. It seems to us that an offer to prove that this suitable point was mutually agreed upon does no more violence to the terms of the deed when agreed upon before its execution, than subsequent thereto. In each case it supplies something in which the deed is lacking. If we give blind adherence to the words "to be," as providing for an additional agreement, when was this "to be" agreement to be entered into? One day or one year hence? And how was this suitable place to be determined? The deed is silent, and the only way it could be given any effect is to read it, as the intent and meaning of the parties, that some agreement other than the deed itself should determine this suitable point of mutual satisfaction. We therefore agree with the court below that the evidence should have been admitted, and that its refusal was error.

Respondent devoted a part of its brief to its suggestion that the contract as set forth is not capable of enforcement; that an agreement to thereafter mutually agree cannot become a binding contract until the subsequent agreement is entered into; that each party reserved to itself the privilege of determining the suitable point to which the barn could be moved, and the law could compel neither party to depart from his own suitable location and accept that chosen by the other. Whether this contract is such an one or not might prove an interesting study if we had time or disposition to go into it, but we do not think we are called upon to deter-

mine that question. The only question submitted by the appeal is the action of the court in granting a new trial for the reasons given; and for the reasons given, the order appealed from is affirmed.

MOUNT, C. J., FULLERTON, ELLIS, and MAIN, JJ., concur.