[No. 10639.   Department One.   April 30, 1913.]

J. M. HAMMOND *et al.*, *Appellants*, v. C. D. HILLMAN *et al.*,
*Respondents.*[1]

APPEAL—REVIEW—RIGHT TO ALLEGE ERROR—RESPONDENTS.   Where plaintiffs appeal from a judgment granting a new trial because the verdict was excessive, the defendants cannot urge error leading up to the verdict, since there was no final judgment and no cross-appeal.

APPEAL—REVIEW—NEW TRIAL—DISCRETION.   The granting of a new trial, unless plaintiffs remit $2,000 from a $10,000 verdict for attorney's fees, will not be disturbed on appeal except for abuse of discretion; and no abuse appears where the evidence as to the value of the attorneys' services was conflicting, plaintiff's witnesses placing it at $30,000 and defendant's witnesses at $2,000 or less.

Appeal from a judgment of the superior court for King county, Myers, J., entered May 13, 1912, granting a new trial, after the verdict of a jury rendered in favor of the plaintiffs, in an action on contract.   Affirmed.

*John W. Roberts*, for appellants.

*James R. Chambers*, for respondents.

CROW, C. J.—This action was commenced by J. M. Hammond and F. E. Hammond, copartners as Hammond & Hammond, against C. D. Hillman and American Investment & Improvement Company, a corporation, to recover $30,000 for attorneys' fees.   A verdict for $10,000 was returned in their favor against the American Investment & Improvement Company.   The defendant corporation thereupon moved for judgment notwithstanding the verdict, and also for a new trial upon all statutory grounds.   The trial judge denied the motion for judgment; but announced that, unless plaintiffs would accept a judgment for $8,000, a new trial would be granted. Plaintiffs declined to accept the reduction; whereupon an order was entered granting a new trial, from which they have appealed.

[1]Reported in 131 Pac. 641.

Appellants contend that the trial court erred in requiring them to accept a reduction, or in lieu thereof, to submit to a new trial. A bill of particulars shows that appellants' services for which they demand judgment were rendered in six different actions in the superior court of King county, a number of which were appealed to this court. Respondent denied the alleged value of their services; pleaded the statute of limitations to several items; contended that, as one of the appellants was not admitted to the bar of this state until after a considerable portion of the alleged services were rendered, he cannot recover; and further contended that, as a receiver for the corporation was appointed, services thereafter rendered by appellants were unauthorized. Respondent concedes that no cross-appeal could be taken by it in the absence of any final judgment; yet it now urges these defenses, and insists that we pass upon them. They are not before us, and will not be considered.

The only question we can consider is whether the trial judge abused his discretion in granting the new trial after appellants refused to accept any reduction. The record, which is voluminous, shows that a number of attorneys, called as expert witnesses by appellants, in answer to a forty-page hypothetical question, testified that the services were reasonably worth $30,000 or more; that other attorneys, called as expert witnesses by respondent, after making an examination of the files in the various actions in which appellants claimed to have performed the services, and after familiarizing themselves with the work thus shown to have been done, testified to a value of $2,000 or less. Appellants insist that their hypothetical question included all material facts established by the evidence; that the testimony of their experts, predicated thereon, is undisputed; that the testimony of respondent's experts did not take into consideration all services performed; that there is no substantial dispute of the evidence of appellants' witnesses; and that there was no evidence upon which the trial court could fix $8,000 as reason-

able compensation, and that the trial court erred in reducing the verdict.  There was as much evidence to sustain the trial court in holding $8,000 to be a reasonable compensation as there was to sustain the jury in awarding $10,000, as no witness named either figure as compensation for all services claimed to have been rendered.  Yet appellants ask us to sustain the jury, to reverse the order of the trial judge, and to direct a judgment upon the verdict.  Appellants cite *Thorp v. Ramsey*, 51 Wash. 530, 99 Pac. 584, quoting therefrom the following expression of this court:

"It is lastly contended that the verdict is not sustained by the testimony.  Where a question of attorney's fees is submitted to the trial court for decision this court may review its action, but where the question is submitted to a jury, their verdict stands on the same footing as a verdict in any other case and will not be disturbed by this court if sustained by competent testimony.  There is such testimony in this record."

Having made the above quotation, appellants in their brief then say: "We pin our faith to that decision.  It is the rock upon which we build our contention."  In the *Thorp* case, the verdict in plaintiff's favor was approved by the trial judge, judgment was entered thereon, and the evidence was sufficient to sustain the verdict.  On the record thus presented, the judgment could not be reversed, as this court cannot exercise that discretion which the statute reposes in a trial judge.  In this action the trial judge exercised his discretion by granting a new trial, and the *Thorp* case is not in point.  This case falls within the rule announced in *Hughes v. Dexter Horton & Co.*, 26 Wash. 110, 66 Pac. 109, which was an action to recover attorney's fees, in which a new trial was granted under circumstances similar to those here presented.  In *Snider v. Washington Water Power Co.*, 66 Wash. 598, 120 Pac. 88, speaking of this discretion of the trial judge, this court at page 607 said:

"Being himself a factor in the trial, he is better able to observe, and in a measure to feel, the effect of these things

upon the minds of the jury than an appellate court can be. It is upon this wholesome principle that this court has said that the trial court has an inherent power to grant a new trial to the end that justice may be attained. *Sylvester v. Olson,* 63 Wash. 285, 115 Pac. 175. We have held by an unbroken line of decisions that a motion for a new trial is necessarily addressed to the sound discretion of the trial court, and when the motion has been granted for insufficiency of evidence the order will not be disturbed unless the evidence is undisputed or the discretion has been clearly, and as said in one case, grossly abused."

Upon the entire record, we conclude that no question of law, decided by the trial judge in granting the new trial, is now before us for review, and that no abuse of discretion upon his part has been shown. The judgment is affirmed.

MOUNT, GOSE, and PARKER, JJ., concur.