[No. 11751. Department One. May 8, 1914.]

## W. M. JETT, *Appellant*, v. OLD NATIONAL BANK BUILDING COMPANY, *Respondent*.[1]

NEW TRIAL—GROUNDS—EXCESSIVE DAMAGES—REVIEW—DISCRETION. A new trial may be granted on account of excessive damages, unless the plaintiff elects to accept a reduced judgment, and the ruling will not be reviewed except for abuse of discretion.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered June 24, 1913, granting defendant a new trial unless plaintiff remitted $3,500, after the verdict of a jury for $6,000 for personal injuries sustained in a fall down an elevator shaft. Affirmed.

*Lucius G. Nash* and *S. A. Mann,* for appellant.

*Cannon, Ferris & Swan,* for respondent.

[1]Reported in 140 Pac. 554.

MAIN, J.—The purpose of this action was to recover damages for personal injuries alleged to be caused by negligence chargeable to the defendant.

On the 9th day of August, 1912, the defendant owned and operated, in the city of Spokane, a fifteen-story office and bank building. In this building, were installed elevators operated by electric power. On the date mentioned, the plaintiff entered one of these elevators for the purpose of being conveyed to an upper story in the building. Owing to what he claims was the negligence of the operator of the elevator, he was thrown out of the elevator and precipitated to the bottom of the shaft, sustaining the injuries on account of which recovery is sought. After the issues were formed, the cause was tried before the court and a jury. A verdict for the plaintiff in the sum of $6,000 was returned. Thereafter the defendant moved the court for judgment *non obstante veredicto*, and in the alternative for a new trial. The former motion was overruled; the latter was granted, unless the plaintiff, within ten days from the entry of the order, filed an election to accept a judgment for $2,500, in which event the motion for new trial would be denied. The plaintiff declined to make the election to accept judgment for the sum named, and appealed from the order.

The only question which the record presents is whether the court, in entering the order that the appellant accept the sum of $2,500, or in the alternative granting a new trial, abused its discretion. From a consideration of the entire record, we are unable to hold that there was an abuse of discretion. Since there is to be another trial, we refrain from making any detailed reference to or comment upon the facts. Upon the authority of the following cases, the judgment will be affirmed. *Winningham v. Philbrick,* 56 Wash. 38, 105 Pac. 144; *McOwen v. Seattle Elec. Co.,* 48 Wash. 362, 93 Pac. 518; *Hammond v. Hillman,* 73 Wash. 298, 131 Pac. 641.

Affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.