[No. 11751.  *En Banc.*  November 27, 1914.]

W. M. JETT, *Appellant,* v. OLD NATIONAL BANK BUILDING
COMPANY, *Respondent.*[1]

APPEAL—REVIEW—NEW TRIAL—REDUCED VERDICTS—FAILURE TO AC-
CEPT—RIGHT TO ELECT AFTER APPEAL.  Where plaintiff, on motion for
a new trial by defendant, declined to elect to accept a reduced ver-
dict offered to him, and appealed from the order granting a new
trial, he cannot, upon a petition for rehearing after the order is
affirmed on appeal, be granted the right to elect to accept the re-
duced verdict on filing the remittitur below; since there was no
error in the order appealed from.

Appeal from an order of the superior court for Spokane
county, Kennan, J., entered June 24, 1913, granting defend-
ant a new trial unless plaintiff remitted $3,500, after the ver-
dict of a jury for $6,000 for personal injuries sustained in
a fall down an elevator shaft.  Affirmed.

*Lucius G. Nash* and *S. A. Mann,* for appellant.

*Cannon, Ferris & Swan,* for respondent.

ON PETITION FOR REHEARING.

MAIN, J.—The trial court, in ruling upon the motion for
a new trial, entered an order granting the motion unless
plaintiff within ten days elected to accept a verdict for
$2,500.  The plaintiff declined to make the election, and ap-
pealed from the order.  In 79 Wash. 562, 140 Pac. 554, the
judgment of the superior court is affirmed.  The plaintiff has
filed a petition for rehearing in which he asks that, upon the
going down of the remittitur, he be permitted to elect to
take a judgment for $2,500.  In other words, that after the
remittitur is filed in the superior court, he have the right to
elect then whether he will take the new trial or accept a judg-
ment for the sum of $2,500.  This question was presented in
*Kohler v. Fairhaven & N. W. R. Co.,* 8 Wash. 452, 36 Pac.
253; 681, and it was there said:

[1]Reported in 145 Pac. 605.

"The appellant, in his petition for rehearing, asks this court to allow him the option of remitting such portion of the verdict as to it may seem just, and, upon his doing so, to reverse the order granting a new trial, and to direct a judgment in his favor for the amount of the verdict less the sum so remitted. That an appellate court often makes its reversal of a judgment or order contingent upon the action of one or the other of the parties is beyond question. The reason for so doing is that error is found which justifies such reversal, but of such a nature that the party against whom the erroneous ruling was made can be compensated. But this principle cannot apply in the case at bar, for the reason that no error is found in the action of the lower court upon which to found a reversal of the order. This court has found that the lower court could not have done otherwise than to have entered the order which it did, and for it thus to find and then hold that such order should be reversed at the option of the appellant would be illogical and not in accord with our idea of a proper practice."

In *Winningham v. Philbrick*, 56 Wash. 38, 105 Pac. 144, it was said:

"Appellant requests that, in case we find 'that $452 is ample compensation to the plaintiff,' we allow him the refusal of that sum for thirty days. We can make no such order. The only question we may determine upon this appeal is the alleged error of the court below in granting a new trial. Appellant had his opportunity to accept such sum and refused it. Having done so, the order for a new trial became absolute, and upon a review of that order, having found the court was without error and the order appealed from should be affirmed, we cannot substitute in its stead a new order, imposing other conditions than those fixed by the court below. To do so would in effect operate as a reversal of the order appealed from, and the entry of an original order with new conditions. The only thing we may do is to affirm or reverse the order appealed from." (Citing *Kohler v. Fairhaven & N. W. R. Co., supra.*)

In *Jones v. Spokane, Portland & Seattle R. Co.,* 69 Wash. 12, 124 Pac. 142, under similar facts, the court, although affirming the judgment, permitted the plaintiff to accept "a

judgment for $3,500 within fifteen days after the filing of the remittitur in the lower court." The defendants, answering the petition for rehearing in the present case, seek to distinguish the *Jones* case from the previous cases, but we think there can be made no substantial distinction. That the conclusion in the *Jones* case is out of harmony with the rule stated in the two previous cases must be admitted. In the *Jones* case, however, the question is not discussed. Neither is the *Kohler* nor *Winningham* case referred to. Apparently these cases were not in the mind of the court at the time of the preparation of the opinion in the *Jones* case. It is obvious that it was not intended that they should be overruled, or they would have been referred to. This question is one of practice, and for the information of the bar, it may be stated that the court adheres to the rule as stated in the *Kohler* and *Winningham* cases.

The petition for rehearing is denied.

CROW, C. J., ELLIS, PARKER, FULLERTON, CHADWICK, MORRIS, and MOUNT, JJ., concur.