[No. 15868.    Department Two.    September 1, 1920.]

ELI YARROUGH, *Respondent*, v. WALKER D. HINES, *Appellant.*[1]

NEW TRIAL (56)—EXCESSIVE VERDICT—REDUCTION OF EXCESS. The trial court, on motion for new trial, has power to refuse to grant the same on condition that plaintiff will voluntarily remit a portion of the verdict in his favor.

DAMAGES (84)—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $5,500, reduced by the trial court to $3,250, is not excessive, where plaintiff suffered a fracture of the lower end of the fibula, he was in a hospital for several weeks, the heel cord had shortened up so that in walking he could not put his heel on the ground, and his condition is shown to be serious and more or less permanent.

DAMAGES (14-1) — PERSONAL INJURIES — AGGRAVATION OF INJURY THROUGH MALPRACTICE OF PHYSICIAN. Where an injured person, in good faith and in the exercise of reasonable care, employs a physician to treat his injury and it is aggravated through mistake or negligence, such negligence or mistake of the physician does not become an intervening cause, and he may recover damages for the injury he sustained, including aggravation thereto resulting from the mistake or improper treatment.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered December 26, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries    Affirmed.

*George W. Korte* and *Lee & Kimball,* for appellant.
*Robertson, Miller & Robertson,* for respondent.

BRIDGES, J.—Action by respondent to recover damages for personal injuries received while in the employ of the appellant. The jury awarded respondent $5,500. The trial court, at the time of the argument of appellant's motion for new trial, intimated he would grant such motion unless the respondent would consent to a reduction of the verdict to $3,250. He thereafter filed

[1]Reported in 192 Pac. 886.

in the cause his remittance in the sum of $2,250 and consented to a judgment in his favor of $3,250. Judgment was accordingly entered for this amount. The defendant has appealed.

The appellant seems to concede that the testimony was of such character as to require the case to be submitted to the jury. It does not here complain of any errors of the court during the progress of the trial, but does contend that, inasmuch as the court found and determined that the verdict was excessive, it should have granted a new trial, and had no authority to require the respondent to remit a part of the verdict, or to make judgment against it for the reduced amount. It admits that the trial court followed the practice in this state and that such practice has been approved by this court. It argues that each of the parties to the action is entitled to have the matter of damages determined by a jury and not by the court, and asks this court to recede from its former holdings.

Whatever may be the rule in other states, the practice in this jurisdiction has been settled for so long a period that we do not consider it necessary to now review the cases out of this court. We have uniformly held that the trial court has power to refuse to grant a new trial on condition that the plaintiff will voluntarily remit a portion of the verdict in his favor. An extensive examination of the authorities convinces us that on this question our former rulings are supported by the courts of most of the states, as well as the supreme court of the United States. This identical question has been before us a great many times during the past twenty-five years and our ruling has always been the same. The following is a partial list of the cases from this court deciding the question contrary to the appellant's contention: *Winter v. Shoudy,* 9 Wash. 52, 36 Pac. 1049; *McDonough v. Great Northern R. Co.,* 15

Wash. 244, 46 Pac. 344; *Hughes v. Dexter Horton Co.,*
26 Wash. 110, 66 Pac. 109; *Bailey v. Cascade Timber
Co.,* 35 Wash. 295, 77 Pac. 377; *Wait v. Robertson
Mortgage Co.,* 37 Wash. 282, 79 Pac. 926; *McQueen v.
Seattle Elec. Co.,* 48 Wash. 362, 93 Pac. 518; *Matsuda
v. Hammond,* 77 Wash. 120, 137 Pac. 328, 51 L. R. A.
(N. S.) 920. A further examination of the question
convinces us that those cases were properly decided.
The reasons and grounds for the practice are well
stated in the case of *Arkansas Valley Land etc. Co. v.
Mann,* 130 U. S. 69; *Northern Pac. R. Co. v. Herbert,*
116 U. S. 642; a valuable note on the subject will be
found in 39 L. R. A. (N. S.) 1064 *et seq.*

But the appellant contends that the amount of re-
spondent's recovery is still excessive, and on that ac-
count it should be granted a new trial or the amount
of the judgment reduced. The direct result of the in-
jury was a fracture of the lower end of the fibula. The
respondent's foot was put in a plaster cast and he was
confined to the hospital for several weeks, and at the
time of the trial, which was some six months after the
injury, there was a shortening of the heel cord, which
caused a drawing up of the heel and a consequent
dropping of the toes, so as to cause a condition com-
monly known as claw-foot, or toe-drop. In walking
the respondent could not put his heel on the ground,
but was required to put his weight on the ball of the
injured foot. The testimony tends to show that a sur-
gical operation on the heel cords would probably elimi-
nate a part of the difficulty, but there is no certainty
about this. In any event, it is plain that he must go
through the remainder of his life in a more or less
crippled condition. The testimony quite conclusively
indicates that the present condition of the respondent's
foot is not the necessary result of the injury but may
have been caused by an improper placement of the

foot in the plaster cast, or by some other improper treatment of the original injury. However, it does not make much difference whether respondent's present condition is the result of the original injury or that injury in connection with its treatment, for the law unquestionably is that if an injured party, in good faith and in the exercise of reasonable care, employs a physician to treat his injury and it is aggravated through the mistake or negligence of his physician, such negligent or mistaken treatment of the physician does not become an intervening cause, and that the injured party may recover damages for the injury he has sustained, including the aggravation thereto resulting from the mistaken or improper treatment. *Martin v. Cunningham,* 93 Wash. 517, 161 Pac. 355, L. R. A. 1918A 225, and cases there cited. It must be admitted that respondent's present condition is serious and more or less permanent. Under these circumstances, we cannot say that the amount awarded him by the judgment of the court is excessive.

The judgment is affirmed.

HOLCOMB, C. J., TOLMAN, MOUNT, and .FULLERTON, JJ., concur.