[No. 21487. Department Two. May 27, 1929.]

ELLA V. HUMPHREYS *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1]Reported in 277 Pac. 834; 281 Pac. —.

*Thomas J. L. Kennedy* and *A. C. Van Soelen,* for appellant.

*George F. Hannan,* for respondents.

FRENCH, J.—Respondent was injured while riding as a passenger on a street car owned and operated by appellant, and this action was instituted to recover damages therefor. The case was tried before the court with a jury, judgment rendered in favor of the city of Seattle, and a new trial granted solely by reason of the fact that the jury were improperly instructed on the question of negligence; and from the order granting a new trial, this appeal is taken.

The court instructed the jury on the theory that appellant, in the operation of its street cars, owed to respondent ordinary care, whereas this court has held that, in passenger cases, the defendant is liable for slight negligence, and that the highest degree of care consistent with practical operation is the duty which the defendant owes. *Jordan v. Seattle, Renton & Southern R. Co.,* 47 Wash. 503, 92 Pac. 284.

The instruction given was incorrect and the order granting a new trial was properly made.

Appellant. also raises the question of the sufficiency of the evidence to go to the jury, having moved for nonsuit and also for a directed verdict. But these questions will not be considered at this time, because there is no final judgment in the case. *Cook v. Skinner,*

46 Wash. 246, 89 Pac. 553; *Wait v. Robertson Mtg. Co.,* 37 Wash. 282, 79 Pac. 926; *Cerini v. Chicago, Milwaukee & P. S. R. Co.,* 71 Wash. 310, 128 Pac. 666; *Hammond v. Hillman,* 73 Wash. 298, 131 Pac. 641.

The judgment is affirmed.

MILLARD, TOLMAN, and PARKER, JJ., concur.

### ON REHEARING.

[Department Two. November 1, 1929.]

PER CURIAM.—A petition for rehearing having been filed in this cause, the court is now of the opinion that a wrong rule of law was stated in the last paragraph of the opinion.

The rule therein stated is amply supported by some of the earlier decisions of this court, but beginning with the case of *Grass v. Seattle,* 100 Wash. 542, 171 Pac. 533, and followed in numerous later cases, this court has now adopted the rule that, when a motion for a new trial is granted and an appeal taken therefrom, even though the motion for a new trial may have been properly granted on certain specified grounds, yet the appellant may raise, and the court will consider, the question as to whether or not there was sufficient evidence to go to the jury. We have therefore again carefully examined the record in this case.

The plaintiff testified that she was thrown violently to the floor because of the sudden jerk or lurching of the street car which she had boarded, and that this sudden jerk or lurching took place before she had an opportunity to secure a seat. She testified fully and completely, not only as to the nature and extent of the injuries which she suffered, but also as to the fact that this was a sudden, unexpected, violent and unusual jerk of the car, and that it was this which threw her down and caused the injuries. A number of witnesses testified to the contrary. Under such a state of facts, a directed verdict would not have been proper, nor would

a judgment *non obstante veredicto* have been permitted to stand. *Caughren v. Kahan,* 86 Wash. 356, 150 Pac. 445; *Payzant v. Caudill,* 89 Wash. 250, 154 Pac. 170.

The utmost that the court can do under such circumstances is to grant a new trial in case the trial court believes that the evidence perponderates against the verdict of the jury. As thus modified, the original opinion will stand.