[No. 21123. Department One. September 6, 1928.]

THE STATE OF WASHINGTON, *Appellant,* v. O. R. LOEWENTHAL, *Respondent.*[1]

[1]Reported in 270 Pac. 136.

*Ewing D. Colvin* and *Ralph Hammer,* for appellant.
*John D. Carmody,* for respondent.

MITCHELL, J.—The defendant, O. R. Loewenthal, was charged with the crime of grand larceny. It was alleged that he falsely and fraudulently represented to Hazel G. Stuver that the North American Finance Company had repossessed a certain Cunningham motor ambulance from one C. L. Winters, of Portland, because of failure to keep up payments due on the ambulance; and that she, believing and relying on the false and fraudulent representations and being deceived by them, paid to the defendant eighteen hundred dollars in lawful money for the ambulance; whereas, in truth and in fact, C. L. Winters was, at all such times, the owner of the ambulance, as the defendant well knew. On the trial, the verdict was guilty. Upon defendant's motion, a new trial was granted solely on the ground that error was committed at the trial in the admission in evidence of certain letters involving the defendant. The state has appealed from the order granting a new trial, as authorized by § 7, ch. 150, Laws of 1925, Ex. Ses., p. 423; Rem. 1927 Sup. § 2183-1.

C. L. Winters, of Portland, Oregon, owned the ambulance, and on September 3, 1926, entered into a written agreement with the respondent for the sale of it to him. The written contract purported to reserve title in the vendor until certain specified future payments should be made. The ambulance was delivered to the respondent at that time, and he took it to his place of business in Seattle. Winters testified that he knew the respondent bought the ambulance for the purpose of resale, and that, to that end, a few days after he delivered it to the respondent, he executed and delivered to him written authority as follows:

"To whom it may concern:

This letter will be proper legal authority, giving O. R. Loewenthal all right to sell and dispose of my Cunningham Ambulance now in his possession which I guarantee is free and clear of all debts or liens.

Yours truly,

"C. L. Winters."

And by a letter to respondent, dated September 17, 1926, Winters repeated that authority to the respondent to sell. Thereafter, on September 22, 1926, Mrs. Stuver bought the ambulance from the respondent paying eighteen hundred dollars cash, and taking from him a bill of sale signed, North American Finance Company by O. R. Loewenthal, under which name, or for whom, respondent had been doing business for some time. She continued in the ownership and control of the ambulance until she sold out her business in Auburn, the ambulance being included in that sale.

During a number of months after respondent sold the ambulance to Mrs. Stuver, and prior to this prosecution, there was correspondence between him and Winters and his agents and attorneys as to their rights growing out of the sale of the ambulance by Winters to Loewenthal, and of overdue payments to Winters that tended strongly and unfavorably against the respondent. Also, shortly after Mrs. Stuver purchased the ambulance she placed it with the respondent for resale, which, together with some other transactions, caused disputes between them, not involving the title to the ambulance, upon which he wrote several times to her. It was the introduction of these letters, above referred to, in evidence over the objections of the respondent that the trial court considered error and that led to the granting of respondent's motion for a new trial.

The letters were improperly admitted. They were immaterial. The money the respondent was ac-

cused of obtaining by false pretenses was the money given to him by Mrs. Stuver in buying the ambulance, and there is no doubt that she got good title to the ambulance. The letters had no bearing upon the issue being tried and necessarily they were prejudicial.

The defendant has taken a cross-appeal on account of the denial of his motion for a directed verdict at the close of all the evidence. His cross-appeal cannot be entertained. He moved for and procured a new trial, and having obtained it, the case stands as if there had been no trial. Had a new trial been denied and judgment entered against him, he could, of course, have appealed from it and in that way had a review of the order denying his motion for a directed verdict, among other things. At this time, there is no order or judgment against him. The order granting a new trial wiped out everything that had occurred at the trial. The case stands in the superior court upon the information and the plea of not guilty.

Defendant's cross-appeal is dismissed. The order granting the new trial is affirmed.

FULLERTON, C. J., PARKER, TOLMAN, and FRENCH, JJ., concur.