[No. 21521. Department Two. August 26, 1929.]

LEGAL ADJUSTMENT BUREAU, *Respondent,* v. WEST COAST CONSTRUCTION COMPANY *et al,* *Appellants.*[1]

[1]Reported in 280 Pac. 2.

*Edwin H. Flick* and *Stanley Kent (H. Gordon Chute,* of counsel), for appellants.

*M. M. Litchman* and *W. H. Abel,* for respondent.

MITCHELL, C. J.—This action was brought by the Legal Adjustment Bureau, a corporation, to recover the balance due on an interest-bearing promissory note in the principal sum of $26,300.40, made and delivered to the Scandinavian American Bank of Seattle by the West Coast Construction Company, Hans Pederson and John Ottesen. The two last named makers, though signing in the form of indorsers, bound themselves as principals. The note became due by its terms on June 11, 1921. The bank failed on June 30, 1921, and, in the course of liquidating the affairs of the bank, the receiver sold the note to one who assigned it to the plaintiff for collection. John Ottesen and his wife were dismissed out of the case at the trial.

As a first affirmative defense, Pederson and wife alleged in substance that, at the time of the execution and delivery of the note in suit, the bank held as collateral thereto a promissory note to the bank in the sum of $10,000 and interest, already overdue, signed by one C. J. Erickson, among others, and that, contrary to the specific promise of the bank to the defendant Pederson, the bank, by its negligence, lost the whole of such collateral, allowing it to become uncollectible and barred by the statute of limitations. Pederson and wife further set up affirmative defenses numbered five and six, spoken of in the record as the Fouts and the Sawmill transactions, each to the effect that the bank induced Pederson, as a temporary accommodation to the bank, to purchase what he after-

wards found to be worthless securities, the money going to the bank, upon the promise of the bank to protect him against any loss. All of these affirmative defenses were denied by the reply.

On the trial, the jury returned a general verdict and also special verdicts in favor of the defendants. Plaintiff filed a motion for judgment notwithstanding the verdict, and, in the alternative, moved for a new trial on the several statutory grounds. The motion for judgment notwithstanding the verdict was denied. The motion for a new trial was granted. The West Coast Construction Company and Pederson and wife have jointly appealed, and the Legal Adjustment Bureau has filed a cross-appeal. For convenience and to avoid confusion, the appellants will be spoken of as the defendants and the cross-appellant as the plaintiff.

The assignments of error, as grouped and argued on behalf of the defendants, are, first, that the court erred in holding that the jury should have been instructed that the actual, rather than the face, value of the so-called collateral note should be taken in fixing the amount to be off-set in case they found for the defendants on this affirmative defense; second and third, that the court erred in holding that the fifth and sixth affirmative defenses were separate and independent transactions from the one in plaintiff's suit and, as such, not proper defenses, and that they were barred by the statute of limitations.

On the first assignment, the argument is that there was no evidence showing that Erickson, the maker of the $10,000 collateral note, was other than solvent. The evidence does show, as counsel argue, that, about the time and shortly before the $10,000 note was signed by Erickson, he was in good financial condition. But the essential time, in considering the point involved, was several years later on, that is,

about the date of the note sued on in the plaintiff's complaint and about the date of the maturity of the Erickson $10,000 note. In this view of the situation, there was evidence tending to show that Erickson was in bad financial condition about such times.

The second and third assignments are similar, and may be considered together. The court, in its order, declared that plaintiff's motion for a new trial was granted, "in accordance with memorandum decision filed by the court." The memorandum decision, referring to the two transactions involved in these defenses, states:

"Giving the evidence all of the favorable inferences that may be attached to it, these transactions were separate and distinct transactions, and not in law a proper offset as against the obligation sued on by the plaintiff,"

and that they were barred by the statute of limitations. That is, the court considered these defenses upon the evidence introduced under them. We need not review that evidence with reference to its sufficiency to sustain the allegations of the defenses or question the justification of the court's ruling thereon, because such matters are, by uniform authority, within the discretion of the trial court when being considered in connection with the motion for a new trial.

The plaintiff, in its cross-appeal, seeks to raise a number of questions concerning the validity or propriety of each and all of the affirmative defenses to the cause of action, and the sufficiency of the evidence introduced by the defendants in support of those defenses. In our opinion, plaintiff is not in a position to urge such matters in this court at this time. The plaintiff moved for a new trial and obtained it. It must wait until some appealable order is made against it in order to present such questions. On principle, the

case, in this respect, is similar to that of *State v. Loewenthal,* 149 Wash. 88, 270 Pac. 136, where the defendant in a criminal case was granted a new trial by the trial court and took a cross-appeal upon the state's appeal from the order granting a new trial. The sole question presented on the defendant's cross-appeal was alleged error on account of the denial of defendant's motion for a directed verdict at the close of all of the evidence. In disposing of that contention we said:

"His cross-appeal cannot be entertained. He moved for and procured a new trial, and having obtained it, the case stands as if there had been no trial. Had a new trial been denied and judgment entered against him, he could, of course, have appealed from it and in that way had a review of the order denying his motion for a directed verdict, among other things. At this time, there is no order or judgment against him. The order granting a new trial wiped out everything that had occurred at the trial. The case stands in the superior court upon the information and the plea of not guilty."

Neither appeal in this case can prevail. The order granting a new trial is affirmed.

MILLARD, PARKER, FRENCH, and MAIN, JJ., concur.