[No. 22124. Department One. November 12, 1929.]

FRED V. JEWELL, *Appellant*, v. PAULA NICHOLS *et al.*, *Respondents.*[1]

*Karr & Gregory* and *C. L. Harris,* for appellant.

*Elias A. Wright* and *Sam A. Wright,* for respondents.

TOLMAN, J.—This is an appeal by the plaintiff from a judgment dismissing his action.

It appears that respondents were the owners of a chicken ranch in King county, and that, on March 1, 1928, a written contract was entered into between them and the appellant by the terms of which appellant was to take charge of the ranch for a term of years; improve it by his labor in erecting certain buildings, the

[1]Reported in 281 Pac. 994.

material for which was to be furnished by respondents; operate it; and the proceeds, after deducting expenses and repaying a certain part of the advances made by respondents, were to be divided equally between the parties.

Appellant entered on his duties under the contract soon after it was executed, and continued until the latter part of December in the same year, when he abandoned the ranch and brought this action for the reasonable value of his services, alleging that the acts of the respondents in manufacturing and storing wine on the premises and bringing and keeping a considerable quantity of other liquor there, all against his protest, rendered the contract incapable of performance because he was thus placed in jeopardy of arrest and conviction under the prohibition laws.

The authorities upon which appellant relies no doubt state the law, and had the proof supported his allegations, he would have been entitled to relief. Unfortunately, however, for him, the trial court, after listening to the witnesses in person, upon conflicting testimony, specifically found that appellant consented to, and participated in, the manufacture and storing of the wine and himself consumed practically all of it, except one gallon; that the whiskey was stored on the premises with his consent; that he actually consumed more than one-half of it; that the remainder was removed some ten days before appellant abandoned the premises; that there was no wine or liquor on the premises at the time of the abandonment; and that appellant so abandoned the premises without lawful excuse or justification; did not do so because of fear of arrest or because of the presence of intoxicating liquor; indeed, the inference might be drawn from the court's findings that the abandonment arose because the supply of liquor failed, but inferences and pleasant-

ries aside, the findings entirely dispose of appellant's cause of action and a reversal can be had only if we should find that the evidence preponderates against the findings. This, after a careful reading of the entire record, we are unable to do. On the contrary, we find that the evidence supports the findings.

The judgment is therefore affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.