[No. 24710. Department One. December 19, 1933.]

ARNE FAGERDAHL *et al., Appellants,* v. NORTH COAST
TRANSPORTATION COMPANY, *Respondent and
Cross-appellant.*[1]

*Kahin & Carmody* and *Orlo B. Kellogg,* for appellants.

*Todd, Holman & Sprague* and *Clarence R. Innis* (*DeForest Perkins,* of counsel), for respondent and cross-appellant.

MAIN, J.—This action was brought to recover damages for personal injury which, it was alleged, the

[1]Reported in 28 P. (2d) 107.

plaintiff Arne Fagerdahl sustained by reason of the negligence of the defendant. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of twenty thousand dollars. At the conclusion of the plaintiff's evidence, and also at the conclusion of all the evidence, the defendant challenged the sufficiency thereof, and moved for a directed verdict; which motions were overruled. After the verdict, the defendant moved for new trial, which motion was granted, on the ground that the damages awarded by the verdict were excessive and error of law had occurred at the trial. The motion for new trial was granted, from which the plaintiff appealed, and the defendant cross-appealed.

Since both parties have appealed, they will be referred to as plaintiffs and defendant as in the superior court, and Arne Fagerdahl will be referred to as though he were the only party plaintiff. The facts will be stated only in so far as it is necessary to present the questions that can be determined at this time.

The defendant operated an electric interurban railway between the cities of Seattle and Everett. On the line of this road, several miles north of the city of Seattle, there is a station known as Lake Ballinger; the waiting station there being a small building of wood construction, boarded up on three sides, with one side left open. Along one side, there is a bench twelve or fourteen inches wide. The plaintiff, with his family, resided about one mile and one-half from this station.

Late in the afternoon or early in the evening of September 9, 1931, the plaintiff boarded one of the defendant's cars at a point in the city of Seattle, after he had finished his day's work, to return to his home. The car in which he rode had a smoking compartment,

in the front of which there were two or three seats on either side of the central aisle. The car proceeded to Lake Ballinger, where it stopped. A passenger who had been riding in the back part of the car alighted at the rear end.

The conductor, knowing that the plaintiff wanted to get off at Lake Ballinger, waited a moment for him to alight and saw him standing in the aisle in the smoking compartment. The conductor went forward, and, with the assistance of another passenger, assisted the plaintiff off the car. They took him into the station and seated him on the bench near a corner. Soon thereafter, he arose, and, being unable to stand, he fell forward. The conductor, when he removed him from the train, believed that the plaintiff was in an intoxicated condition, as did other persons who saw him. It subsequently developed that he had had a cerebral hemorrhage before he reached Lake Ballinger station, and at the time he was removed from the car his right side was paralyzed and he was unable to talk.

The plaintiff's action is predicated upon the theory that the conductor of the train, in placing the plaintiff upon the bench and leaving him there, had not exercised the proper degree of care. The evidence as to whether the falling in the station aggravated the hemorrhage and left the plaintiff in a worse condition than he would have been had it not been for this fall, was conflicting. As above stated, one of the reasons for granting the new trial was that the trial court believed the damages awarded by the jury were excessive. Whether a new trial should be granted because of excessive damages is a matter which rests in the discretion of the trial court, and this court will not disturb the ruling thereon in the absence of a showing that the exercise of the discretion has been abused.

■ There is no distinction between this case and the recent case of *Huntington v. Clallam Grain Co.*, *ante* p. 310, where the question is fully considered and many of the previous cases from this court cited. In that case, the motion was granted because the damages were inadequate, but the rule must be the same where the damages are excessive as where they are insufficient. There is no occasion here to rediscuss the matter, which would only be a repetition of what has been said in the case referred to. Under the evidence in this case, the trial court did not abuse its discretion in granting a new trial because the damages awarded were excessive.

■ On the plaintiff's appeal, one other question will be noticed. The plaintiff called as a witness the conductor on the train, and in his direct examination he testified that, when he removed the plaintiff from the car and placed him in the station, he thought that he was in a state of intoxication. On cross-examination, the witness was asked whether on previous trips when the plaintiff was a passenger, he had shown evidence of being under the influence of intoxicating liquor. This was objected to, and the objection sustained. An offer of proof was made to the effect that the plaintiff had ridden upon the car with the same conductor on previous occasions, and upon some of those occasions his actions and conduct indicated that he had been drinking intoxicating liquor. The offer of proof was rejected.

Whether the conductor of the car believed, at the time he removed the plaintiff therefrom, that he was in an intoxicated condition, was a material subject of inquiry, because it bore directly upon whether the conductor, in leaving him in the station in the manner described, had exercised the proper degree of care.

The knowledge of the conductor being a material fact, it was error not to permit the witness to answer the question. *May v. Roberts,* 126 Wash. 645, 219 Pac. 55.

Upon the defendant's cross-appeal, many questions are sought to be presented, one of which was that the evidence was not sufficient to take the question of the defendant's negligence to the jury, and that its motions for a directed verdict or a dismissal of the action should have been sustained. The question of whether the evidence was sufficient to take the case to the jury cannot be considered at this time. The defendant moved for a new trial, which was granted, and, as stated, the plaintiff appealed therefrom. The new trial having been granted at the instance of the defendant, there was nothing so far as it was concerned from which it could appeal. After the motion was granted, the case stood as if there had been no trial. In *State v. Loewenthal,* 149 Wash. 88, 270 Pac. 136, the defendant had moved for a directed verdict, and, after a verdict against him, had moved for a new trial. The plaintiff appealed, and the defendant sought to cross-appeal, and it was there held that, the defendant having moved for and obtained a new trial from which the state appealed, he could not cross-appeal from an order overruling his motion for a directed verdict. It was there said:

"The defendant has taken a cross-appeal on account of the denial of his motion for a directed verdict at the close of all the evidence. His cross-appeal cannot be entertained. He moved for and procured a new trial, and having obtained it, the case stands as if there had been no trial. Had a new trial been denied and judgment entered against him, he could, of course, have appealed from it and in that way had a review of the order denying his motion for a directed verdict, among other things. At this time, there is no order or judgment against him. The order granting a new

trial wiped out everything that had occurred at the trial. The case stands in the superior court upon the information and the plea of not guilty.''

The rule of that case was applied in the case of the *Legal Adjustment Bureau v. West Coast Construction Co.,* 153 Wash. 509, 280 Pac. 2, where it was held that the plaintiff, having moved for and obtained a new trial, was not entitled to cross-appeal and ask for the review of alleged error in the rulings of the trial court as to the sufficiency of the defenses pleaded and the evidence in support thereof. The attempted cross-appeal of the defendant in this case falls squarely within the rule of those two cases.

The cases of *Grass v. Seattle,* 100 Wash. 542, 171 Pac. 533, *Adams v. Anderson & Middleton Lumber Co.,* 124 Wash. 356, 214 Pac. 835, and *Humphreys v. Seattle,* 152 Wash. 339, 277 Pac. 834, 281 Pac. 994, are not out of harmony with the cases of *State v. Loewenthal, supra,* and *Legal Adjustment Bureau v. West Coast Construction Co., supra.* In each of the three cases last cited, the verdict had been for the defendant, the plaintiff had moved for a new trial and obtained it and from the order granting the new trial the defendant had appealed, and it was held that, upon the appeal, the defendant had a right to present the question as to whether its motion for judgment notwithstanding the verdict should have been sustained. The situation in those cases was entirely different from that presented in the two cases referred to and the case now before us. The questions sought to be presented by the cross-appeal cannot now be determined.

It must be understood that it is not to be inferred from anything that is said in this opinion that we are of the view that the evidence in this case was sufficient to take the case of the defendant's negligence to the jury. We distinctly do not pass upon that question,

or upon any of the other questions presented upon the cross-appeal.

The judgment will be affirmed.

BEALS, C. J., MITCHELL, MILLARD, and STEINERT, JJ., concur.