[No. 24710. *En Banc.* August 10, 1934]

ARNE FAGERDAHL *et al., Appellants,* v. NORTH COAST
TRANSPORTATION COMPANY, *Respondent and
Cross-appellant.*[1]

*Kahin & Carmody* and *Orlo B. Kellogg,* for appel-
lants.

*Todd, Holman & Sprague* and *Clarence R. Innis (De
Forest Perkins,* of counsel), for respondent and cross-
appellant.

[1]Reported in 35 P. (2d) 46.

## On Rehearing.

Main, J.—This action was brought to recover damages for personal injuries. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff. The defendant moved for judgment notwithstanding the verdict and, in the alternative, for a new trial. The motion for judgment notwithstanding the verdict was overruled, and the motion for new trial was sustained. From the judgment granting a new trial, the plaintiff appeals, and the defendant cross-appeals. The appellant Arne Fagerdahl will be referred to as though he were the only party appellant.

The facts which gave rise to this controversy will be found stated in the Departmental opinion, 175 Wash. 600, 28 P. (2d) 107, and need not be here repeated. After that opinion was filed, the appellant presented a petition for rehearing, in which we were requested to decide a question not covered in the opinion of the Department. To this petition, an answer was called for, and the respondent requested us to decide the questions presented upon its cross-appeal. The petition for rehearing was granted, and the case was thereafter heard *En Banc*.

In the Departmental opinion, the court declined to pass upon the question of whether there was sufficient evidence to take the case to the jury, which was presented by the motion for judgment notwithstanding the verdict, because the respondent, as there stated, having obtained a new trial, was not in a position to raise that question. In support of that holding, the cases of *State v. Loewenthal,* 149 Wash. 88, 270 Pac. 136, and *Legal Adjustment Bureau v. West Coast Construction Co.,* 153 Wash. 509, 280 Pac. 2, were cited.

The first question to be determined as a result of the hearing *En Banc* is whether, when there is a verdict in the plaintiff's favor and the defendant

moves for a judgment notwithstanding the verdict, and in the alternative for a new trial, and the motion for judgment notwithstanding the verdict is overruled, and the motion for new trial is granted, and the plaintiff appeals, the defendant can, upon that appeal, raise the question presented by his motion for judgment notwithstanding the verdict. Whether he should be permitted to do so, involves a rule of practice and not substantive law.

Prior to the decision in *Rochester v. Seattle, Renton & S. R. Co.*, 75 Wash. 559, 135 Pac. 209, it had been the rule that, where a motion for new trial was granted upon a specific ground, this court upon an appeal would consider only the ground stated by the trial court for its ruling, and would not consider the other grounds covered by the motion. In that case, the previous decisions supporting that rule were overruled, and the rule adopted that, where, upon the consideration of a motion for new trial, the trial court entered an order granting the motion upon a specific ground, and the adverse party appeals, the party seeking to sustain the order could urge in this court all the grounds which were covered by his motion, and was not limited to the specific ground or reason upon which the trial court based the order. The reason for the rule thus adopted was stated, as follows:

"If the appellate court is limited in passing upon an appeal from an order granting a new trial to the ground stated in the order, and it should believe that ground untenable, then the order must be reversed, and after the trial court has entered a judgment of reversal, a second appeal may follow to determine whether the other grounds of the motion may not be well taken. This entails upon litigants unnecessary expense and delay, and in some cases would work serious injustice. The cause upon the second appeal would be before the appellate court upon identically the same record as upon the first. From no just point

of view can a rule of practice which unnecessarily prolongs the litigation and increases the expense thereof be upheld. So far as we are informed, there are no authorities out of harmony with the rule above stated, except the previous holdings of this court."

Prior to the adoption by this court on April 1, 1931, of Rule of Practice XII (Rem. Rev. Stat., § 308-12), relative to alternative motions for judgment notwithstanding the verdict and for new trial, it had been the practice that, where the plaintiff got a verdict and the defendant moved for judgment notwithstanding the verdict, and, in the alternative for a new trial, and the trial court sustained the motion for judgment notwithstanding the verdict, and the plaintiff appealed, and this court reversed the judgment, the case would be returned to the trial court to pass upon the motion for new trial. Rule XII changed this rule of practice, and adopted a rule to the effect that, where there is an appeal to this court from a judgment granting a motion for judgment notwithstanding the verdict, such appeal, without the necessity of a cross-appeal, will bring up for review the ruling of the trial court on the motion for new trial. To now hold that, where there is a verdict for the plaintiff and the defendant moves for judgment notwithstanding the verdict, and in the alternative for a new trial, and the trial court overrules the motion for judgment notwithstanding the verdict and sustains the motion for a new trial, and the plaintiff appeals, the defendant would have a right upon that appeal to present the question as to whether the evidence was sufficient to take the case to the jury, would be carrying to a reasonable conclusion and applying to a different situation the holding in the *Rochester* case and Rule XII.

It may not be strictly logical to say that, when the defendant's motion for a new trial has been granted

and the plaintiff appeals, the defendant may upon that appeal raise the question of the sufficiency of the evidence, if he has preserved that in the record; but such a holding would appear to be reasonable and practical. If the case should be reversed upon the appeal from the motion for a new trial and go back for another trial, and the evidence would be the same, and a second appeal follow by the defendant, and upon that appeal it should be determined that the evidence was not sufficient to take the case to the jury, the parties would be put to delay, trouble and expense for no useful purpose. The reasons given for the adoption of the rule stated in the *Rochester* case are equally applicable to the present case.

We now state the rule to be that, where a verdict is returned in favor of the plaintiff and the defendant moves for judgment notwithstanding the verdict, and in the alternative for a new trial, and the trial court overrules the motion for judgment notwithstanding the verdict and grants the motion for new trial, and the plaintiff appeals, the defendant may upon that appeal present the question as to whether the evidence was sufficient to take the case to the jury. The cases cited in the Departmental opinion, and others that might be cited to the same effect, as supporting the rule there stated, will be overruled.

This brings us to the question as to whether the evidence in the present case was sufficient to take the case to the jury; in other words, whether the trial court erred in not granting the motion for judgment notwithstanding the verdict.

In this case, as appears from the facts stated in the Departmental opinion, the appellant was a passenger upon one of the respondent's interurban cars, going to his home some miles to the north of the city of Seattle. His place of leaving the car was Ballinger

station. When the car arrived at that point, he was assisted therefrom by the conductor and a passenger, taken into a small waiting station and seated upon a bench. At this time, Guy E. Hathaway, who operated a store near the station, and his wife were at the station, and Hathaway was about forty feet from the place where the conductor and the passenger had seated the appellant. After the appellant had been seated, the conductor inquired of Hathaway whether he was going to be around for awhile, and the latter said, "Yes." The conductor went upon his car and proceeded toward the city of Everett. Shortly thereafter the appellant fell forward from the bench where he was seated, and it is claimed that the cerebral hemorrhage, which he had suffered while on the car, had been aggravated by the fall.

The conductor and the passenger who assisted the appellant from the car testified that they thought he was intoxicated, and did not know that there was anything else wrong with him. The medical testimony was to the effect that one having suffered a cerebral hemorrhage would have the appearance of intoxication, and it would be difficult for a layman to determine whether the persons afflicted were intoxicated or had suffered a stroke. When the appellant was removed to his home about a mile and a half distant a few minutes after he fell, a member of his family said that he looked like he might be intoxicated.

The duty of the respondent would be measured by that which it owed to an intoxicated man. It was not charged with the duty of caring for the appellant as one having had a stroke unless the conductor had knowledge or actual notice of his condition.

In *Sullivan v. Seattle Electric Co.*, 51 Wash. 71, 97 Pac. 1109, 130 Am. St. 1082, it was said:

"A conductor has a right to presume that every passenger entering his car is both sane and sober until he has actual notice to the contrary. He is not compelled to make a mental or physical examination to ascertain his condition, and the doctrine of imputed or implied notice has no application to such a case."

In *Welsh v. Spokane & Inland Empire R. Co.*, 91 Wash. 260, 157 Pac. 679, L. R. A. 1916F, 484, it was said:

"It must be borne in mind that, in order to fix liability upon the carrier in such a case as this, actual knowledge of the incapacity of the passenger to care for himself must be shown. 'The doctrine of imputed or implied notice has no application to such a case'."

We now inquire whether the conductor in the present case, in placing the appellant upon the bench in the station and leaving him, failed to exercise that degree of care which he should have exercised were his condition that of intoxication. The rule is that a carrier owes to a passenger in such a case a duty commensurate with his condition. *Sullivan v. Seattle Electric Co.*, 44 Wash. 53, 86 Pac. 786; *Bennett v. Seattle Electric Co.*, 56 Wash. 407, 105 Pac. 825. If the appellant were in an intoxicated condition, it cannot be found or inferred from the facts, which are supported by the evidence, that the conductor failed to exercise a degree of care which was commensurate with the appellant's condition as it appeared to him. It was early in the evening, still daylight, the weather conditions good, Mr. and Mrs. Hathaway nearby, and Mr. Hathaway testified that he knew the appellant, he having been in his store a few times to make some small purchases.

This case is entirely different in its facts from that of *Sullivan v. Seattle Electric Co.*, 44 Wash. 53, 86 Pac. 786. In that case, the passenger was in such a

case of intoxication as to be incapable of caring for himself. He was permitted to alight, either upon the trestle along the shore of Lake Union, upon a dark night, where there were no guards or barriers, or at a point a few feet distant upon the platform at a certain station, where there were no guards or barriers where the car entered or left the platform. The water in the lake at that point was about twenty-six feet deep.

The appellant in this case argues that the rule to the effect that the carrier, through its employees, owed to an intoxicated passenger a duty of care commensurate with his condition, should be amplified, and that the rule of highest degree of care should be applied. Even if it should be so amplified, the result would be the same, because under either rule there was not sufficient evidence to take the case to the jury. The highest degree of care rule is not without limitations as applied to a carrier of passengers, but in its application must be practically consistent with the carrier's operation of its trains. It is not to be understood that we determine at this time that the highest degree of care rule is applicable to the facts in this case.

There not being sufficient evidence to take the case to the jury, the cause will be remanded to the superior court, with direction to enter a judgment of dismissal.

ALL CONCUR.